# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GANGSTA' KO-LOFF BISHOP GOSPIDON,**

    Petitioner,

v.                                    Case No. 4:18cv135-RH/CAS

**RAFAEL ZUNIGA, WARDEN,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On February 27, 2018, Gangsta' Ko-Loff Bishop Gospidon, a federal inmate, submitted a document styled as a "Complaint – Affidavit" and headed "Submitted to: Circuit Judge Patty Schwartz." ECF No. 1. Mr. Gospidon also submitted a "cover page" titled "The Power to Grant Writ Habeas Corpus Scire Facias You have the Body You are to Make Known, Show Cause by Power of Title 28 U.S.C. §2241(a)." ECF No. 1-1.

This Court opened the case a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Gospidon has not paid a filing fee. There is no need to require Mr. Gospidon to submit either the fee or a motion to proceed in forma pauperis, however, because the Court lacks jurisdiction over the § 2241 petition.

This Court imposed Mr. Gospidon's 37-year federal sentence on

October 12, 2006, after he was found guilty by a jury. <u>United States of America v. Gospidon</u>, 4:06cr21-RHWCS (N.D. Fla. Oct. 12, 2006), ECF No. 63 (Judgment in a Criminal Case). The Eleventh Circuit Court of Appeals affirmed his convictions. *Id.* ECF No. 98. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court denied on August 28, 2009. *Id.* ECF Nos. 112 (Judgment), 109 (Report and Recommendation). This Court denied a certificate of appealability. *Id.* ECF No. 115. The Eleventh Circuit Court of Appeals also denied a certificate of appealability. *Id.* ECF No. 129. In 2015, Mr. Gospidon submitted a compilation of documents, which this Court directed not to be docketed. *Id.* ECF No. 135.

It appears Mr. Gospidon may have submitted the instant document merely as a copy to this Court of filings he sent to the Third Circuit Court of Appeals. Regardless, a federal inmate seeking relief under § 2241, whether by way of § 2255's saving cause or otherwise, must file the petition in the district of incarceration. *See* <u>Lee v. Wetsel</u>, 244 F.3d 370, 374-75 (5th Cir. 2001) (concluding that Eastern District of Louisiana, district in which petitioner was originally sentenced, did not have jurisdiction to rule on § 2241 petition, where petitioner was incarcerated in Northern District of

Florida at time he filed § 2241 petition, explaining that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition" and "our conclusion today – that the district of sentencing does not have jurisdiction to consider the merits of a § 2241 petition, unless the petitioner or his custodian is also located there – is consistent with the history of § 2241 and § 2255"); *see also* United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002);   Mr. Gospidon is not incarcerated in the Northern District of Florida; he is incarcerated at McKean Federal Correctional Institution in Pennsylvania.   *See* ECF No. 1; www.bop.gov/inmateloc.   Accordingly, the § 2241 petition was improperly filed in this Court and should be dismissed.

To the extent Mr. Gospidon may have intended this Court to consider the instant petition as a motion under § 2255, such request should be denied as he cannot avoid the restriction on successive § 2255 motions by filing a § 2241 petition.   *See* 28 U.S.C. § 2255(h); *see also, e.g.*, Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). "In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when 'certified as provided in section

2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain' either 'newly discovered evidence' of actual innocence or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013).  Nothing indicates Mr. Gospidon has secured such certification.  Indeed, a review of the docket for the Eleventh Circuit Court of Appeals reveals that court has denied his applications for an order authorizing the district court to consider a second or successive § 2255 motion, most recently on June 8, 2016. *See* In re: Gospidon, No. 16-12331-J (11th Cir. June 8, 2016); *see also* In re: Gospidon, No. 14-13411-E (11th Cir. Aug. 13, 2014); In re: Gospidon, No. 12-12105-C (11th Cir. May 18, 2012).

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2018.

S/ Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:18cv135-RH/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.